```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF ALABAMA
                    NORTHERN DIVISION
```

UNITED STATES OF AMERICA,   :
                            :
       PLAINTIFF,   :
                            :
  v.                        :   CIVIL ACTION NO. 2:05cv525-W
                            :
TWENTY-FIVE FIREARMS AND    :
VARIOUS AMMUNITION,         :
                            :
       DEFENDANT.   :

<u>MEMORANDUM OF LAW IN SUPPORT OF
THE UNITED STATES OF AMERICA'S MOTION TO STRIKE CLAIM</u>

Rule C(6)(a) of the Supplemental Rules of Certain Admiralty and Maritime Claims provides for the filing of a verified statement to the res subject to forfeiture. It states as follows:

(a) <u>Civil Forfeiture</u>. In an <u>in</u> <u>rem</u> forfeiture action for violation of a federal statute:

(i) a person who asserts an interest in or right against the property that is the subject of the action must file a verified statement identifying the interest or right:
  (A) within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4), or
  (B) within the time that the court allows.

(ii) an agent, bailee, or attorney must state the authority to file a statement of interest in or right against the property on behalf of another; and

(iii) a person who files a statement of interest in or right against the property must serve and file an answer within 20 days after filing the statement.

Title 18, United States Code, 983(a)(4)(A) holds that:

> ....any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims, except that such claim may be filed not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.

Although Tim Scott (hereinafter Scott) was advised of the necessity of filing a timely and verified claim pursuant to Rule C of the Supplemental Rules when served with the Warrant of Arrest, Scott has failed to file a properly verified claim.  Scott was served with process on July 19, 2005.

The claim filed on behalf of Scott does not conform to Rule C(6) of the Supplemental Rules in that it is not verified on oath or solemn verification by Scott as required by the Supplemental Rules. See U.S. v. $125,938.62, 370 F.3d 1325, 1328-29 (11th Cir. 2004).  The filing of a statement of specified interest is expressly required to give a claimant standing to demand restitution of property.  U.S. v. Properties Described in Complaints, 612 F.Supp. 465 (N.D. Ga. 1984).

The filing of a proper claim in accordance with Rule C(6) is a prerequisite to the filing of an answer and is an essential element of a would-be claimant's standing to contest a forfeiture. U.S. v. Premises Known as Lots 14, 15, 16, etc., 682 F.Supp 288

(E.D.N.C. 1987); <u>U.S. v. United States Currency in the Amount of $2857.00</u>, 754 F.2d 208, 215 (7th Cir. 1985).  As no proper claim has been filed, Scott cannot make an answer since he has not shown standing to contest this forfeiture.  A claimant must also satisfy applicable statutory standing requirements.  These requirements are a threshold issue.  The Supplemental Rules govern judicial forfeiture proceedings and establish the statutory standing requirements for this forfeiture action.  <u>U.S. v. $38,000.00 In United States Currency</u>, 816 F.2d 1538, 1544-1545 (11th Cir. 1987).

Courts consistently have required claimants to follow the language of the Supplemental Rules to the letter.  <u>$38,000.00</u>, 816 F.2d at 1547.  It is incumbent on a claimant to put its ownership clearly in issue by filing its claim in accordance with Rule C(6) (of the Supplemental Rules).  <u>U.S. v. Beechcraft Queen Airplane</u>, 789 F.2d 627, 631 (8th Cir. 1986).

The United States moves this Honorable Court to strike the Claim of Scott.

Respectfully submitted this 2nd day of February, 2006.

```
                         FOR THE UNITED STATES ATTORNEY
                               LEURA G. CANARY


                         /s/John T. Harmon
                         John T. Harmon
                         Assistant United States Attorney
                         Bar Number: 7068-II58J
                         Office of the United States Attorney
                         Middle District of Alabama
                         One Court Square, Suite 201 (36104)
                         Post Office Box 197
                         Montgomery, Alabama 36101-0197
                         Telephone:(334) 223-7280
                         Facsimile:(334) 223-7560
```

CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2006, I electronically filed the foregoing Memorandum of Law with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

Mr. Tim Scott
1004 South Bell Street
Apartment #2
Dothan, Alabama 36301.

```
                         /s/John T. Harmon
                         John T. Harmon
                         Assistant United States Attorney
                         Office of the United States Attorney
                         Middle District of Alabama
                         One Court Square, Suite 201 (36104)
                         Post Office Box 197
                         Montgomery, Alabama 36101-0197
                         Telephone:(334) 223-7280
                         Facsimile:(334) 223-7560
                         E-mail: John.Harmon@usdoj.gov
                         Bar Number: 7068-II58J
```